UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
KAYLEE DEDRICK,

Plaintiff,

-against-

THE CITY OF NEW YORK, NYPD DEPUTY INSPECTOR ANTHONY BOLOGNA, NYPD DETECTIVE BELLINGER and POLICE OFFICER JOHN DOE,

Defendants.

---------------------------------------------------------------------------x

ANSWER

**Docket No. 12 CV 7165**

Defendant, DEPUTY INSPECTOR ANTHONY BOLOGNA (hereinafter referred to as "Defendant Bologna") by his attorneys, La Pietra & Krieger, P.C., answering the Summons and Complaint in the above entitled action, states upon information and belief:

**ANSWER**

1. Denies the allegations set forth in paragraph "1" of the complaint.

2. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "2" of the complaint.

3. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "3" of the complaint.

4. Admits the allegations set forth in paragraph "4" of the complaint.

5. Admits the allegations set forth in paragraph "5" of the complaint.

6. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "6" of the complaint.

7. Admits the allegations set forth in paragraph "7" of the complaint.

8. Admits the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "5" of the complaint.

10. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "10" of the complaint.

11. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "11" of the complaint.

12. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "12" of the complaint.

13. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "13" of the complaint.

14. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "14" of the complaint, except admits that Plaintiff is depicted in the video as screaming.

15. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "15" of the complaint.

16. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "16" of the complaint.

17. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "17" of the complaint.

18. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "18" of the complaint.

19. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "19" of the complaint.

20. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "20" of the complaint.

21. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "21" of the complaint.

22. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "22" of the complaint.

23. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "23" of the complaint.

24. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "24" of the complaint.

25. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "25" of the complaint.

26. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint, except admits that Defendant Bologna's actions were consistent with NYPD training and policy.

29. Denies the allegations set forth in paragraph "29" of the complaint, except admits that Defendant Bologna's actions were consistent with NYPD training and policy.

30. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "30" of the complaint.

31. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "31" of the complaint.

32. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "32" of the complaint except admits that Plaintiff is depicted in the video as screaming.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies that Defendant Bologna attached anyone as set forth in paragraph "34" of the complaint, except admits that Defendant Bologna's actions were consistent with NYPD training and policy.

35. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "35" of the complaint.

36. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "32" of the complaint as the video labeled as Exhibit F could not be viewed.

37. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph set forth in paragraph "37" of the complaint.

38. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "38" of the complaint.

39. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "39" of the complaint.

40. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "40" of the complaint.

41. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Admits the allegations set forth in paragraph "49" of the complaint.

50. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Admits the allegations set forth in paragraph "57" of the complaint.

58. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "60" of the complaint.

61. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "61" of the complaint.

62. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "62" of the complaint.

63. Denies the allegations set forth in paragraph "63" of the complaint except admit that Defendant Bologna has been named in lawsuits.

64. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint, except admits that Defendant Deputy Inspector Bologna was designated as Commanding Officer of the 1st precinct on May 31, 2005 and promoted from Captain to Deputy Inspector on July 31, 2006.

66. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "66" of the complaint.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "68" of the complaint.

69. Denies the allegations set forth in paragraph "69" of the complaint.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. Denies the allegations set forth in paragraph "71" of the complaint.

72. Denies the allegations set forth in paragraph "72" of the complaint.

73. Denies the allegations set forth in paragraph "73" of the complaint.

74. Denies the allegations set forth in paragraph "74" of the complaint.

75. Denies the allegations set forth in paragraph "75" of the complaint.

76. Denies the allegations set forth in paragraph "76" of the complaint.

77. Denies the allegations set forth in paragraph "77" of the complaint.

78. Denies the allegations set forth in paragraph "78" of the complaint.

79. Denies the allegations set forth in paragraph "79" of the complaint.

80. Denies the allegations set forth in paragraph "80" of the complaint.

81. Denies the allegations set forth in paragraph "81" of the complaint.

82. Denies the allegations set forth in paragraph "82" of the complaint.

83. Denies the allegations set forth in paragraph "83" of the complaint.

84. Denies the allegations set forth in paragraph "84" of the complaint.

85. Denies the allegations set forth in paragraph "85" of the complaint.

86. Denies the allegations set forth in paragraph "86" of the complaint.

87. Denies the allegations set forth in paragraph "87" of the complaint.

88. Denies the allegations set forth in paragraph "88" of the complaint.

89. Denies the allegations set forth in paragraph "89" of the complaint.

90. Admits the allegations set forth in paragraph "90" of the complaint.

91. Denies the allegations set forth in paragraph "91" of the complaint.

92. Denies that Defendant Bologna injured anyone as set forth in paragraph "92" of the complaint, except admits that Defendant Bologna's actions were consistent with NYPD training and policy.

93. Denies the allegations set forth in paragraph "93" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

94. The complaint fails to state a claim against Defendant Bologna upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

95. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, or that of third parties.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

96. Plaintiff has failed to mitigate her alleged damages.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

97. Defendant Bologna has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

98. To the extent Plaintiff asserts state law claims, Plaintiff's claims may be barred, in whole or in part, by her failure to comply with all conditions precedent to suit.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

99. At all times relevant to the acts alleged in the complaint, the duties and functions of Defendant Bologna entailed the reasonable exercise of proper and lawful discretion. Therefore, Defendant Bologna is entitled to governmental immunity from liability.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

100. Plaintiff's claims may be barred, in part, by the applicable Statute of Limitations.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

101. This action may be barred in whole or in part by the doctrines of *res judicata.*

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

102. Plaintiff provoked the incident.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

103. Punitive damages cannot be assessed against the Defendant Bologna.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

104. Any force used was reasonable, necessary and justified and/or *de minimus*.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT, CITY OF NEW YORK**

105. If the Plaintiffs were caused damages as alleged in the Plaintiffs' complaint, due to any culpable conduct other than Plaintiffs' own culpable conduct, then such damages were subsequently due to the culpable conduct, negligent acts of omission or commission of defendant, The City of New York.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT, CITY OF NEW YORK**

106. If it is determined that Defendant Deputy Inspector Bologna was acting under the color of law, then all of his acts were performed within the scope of his duties and within the scope of his employment as a New York City Police Officer, and any liability to Plaintiffs must be assumed by Defendant Deputy Inspector Bologna employer, the defendant, The City of New York, pursuant to the principle of *RESPONDEAT SUPERIOR*.

**AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT, CITY OF NEW YORK**

107. Pursuant to this principle of law, if the Plaintiffs recover any judgment against Defendant Deputy Inspector Bologna, then said defendants are entitled to recover the amount of such judgment from defendant, The City of New York.

**AS AND FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT, CITY OF NEW YORK**

108. If it is determined that Defendant Deputy Inspector Bologna was acting under the color of law, then all of his actions were performed within the performance of his duties and within the scope of his employment as a New York City Police Officer, and any liability to the Plaintiffs must be assumed by defendant, The City of New York, pursuant to NYS General Municipal Law §50-K.

109. Any damages sustained by the Plaintiffs at the time or place mentioned in the plaintiffs' complaint are embraced within the provisions of NYS General Municipal Law §50-K.

110. Pursuant to this provision of NYS General Municipal Law §50-K, if the Plaintiffs recover any judgment against Defendant Deputy Inspector Bologna, then Defendant Deputy Inspector Bologna is entitled to recover the amount of such judgment from the defendant, The City of New York.

**WHEREFORE**, Defendant Deputy Inspector Bologna respectfully demands judgment against the Plaintiff as follows:

(a) Dismissing the Plaintiff's complaint in its entirety;

(b) Granting Defendant Deputy Inspector Bologna costs, disbursements, expenses of the action, reasonable attorneys fees, and such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
October 19, 2012

La Pietra & Krieger, P.C.
Attorneys for Defendant
NYPD Deputy Inspector Anthony Bologna

By: ______________________
Louis C. La Pietra (6978)
30 Glenn Street, Suite 105
White Plains, NY, 10603
(914) 684-6000
e-mail: louis.lapietra@verizon.net

TO: Lea Spiess, Esq. [LS-7866]
Ronald L. Kuby, Esq. [RK-1879]
Law Office of Ronald L. Kuby
119 West 23rd Street, Suite 900
New York, New York 10011
(p) (212) 529-0223
(f) (212) 529-0644

Attorney(s) for Plaintiff